**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Case No.: 1:22-cv-02644

MUHAMMAD YOUNAS, individually and on behalf of all others similarly situated,

v.

MORTGAGE SOLUTIONS OF COLORADO, LLC d/b/a MORTGAGE SOLUTIONS FINANCIAL

**ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT**

SUMMARY

1. Muhammad Younas brings this lawsuit to recover unpaid overtime wages and other damages owed by Mortgage Solutions of Colorado, LLC d/b/a Mortgage Solutions Financial ("Mortgage Solutions").

2. Younas worked for Mortgage Solutions as a mortgage underwriter.

3. Younas and other underwriters for Mortgage Solutions regularly worked in excess of 40 hours in a week.

4. Mortgage Solutions did not pay Younas and the other underwriters overtime when they worked in excess of 40 hours in a week.

5. Instead, Mortgage Solutions improperly classified Younas and the other underwriters as exempt employees and paid them a salary with no overtime compensation.

6. This action seeks to recover the unpaid overtime wages and other damages owed by Mortgage Solutions to these workers.

## JURISDICTION & VENUE

7. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

8. The Court has supplemental jurisdiction over any state law sub-classes pursuant to 28 U.S.C. § 1367.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Mortgage Solutions is headquartered in this District.

## PARTIES

10. **Plaintiff Muhammad Younas** is a natural person.

11. Younas was, at all relevant times, an employee of Mortgage Solutions.

12. Younas worked for Mortgage Solutions from June 2019 to June 2022.

13. Younas worked for Mortgage Solutions in Arizona.

14. Younas represents at least two groups of similarly situated Mortgage Solutions workers.

15. Younas represents a collective of similarly situated workers under the FLSA pursuant to 29 U.S.C. § 216(b). This "FLSA Collective" is defined as:

> **All current or former mortgage underwriters employed by Mortgage Solutions Credit Union in the United States who were paid on a salary basis, at any point from the three years preceding the date of filing to the present.**

16. Younas represents a class of similarly situated employees under Arizona law pursuant to Federal Rule of Civil Procedure 23. This "Arizona Wage Class" is defined as:

> **All current or former mortgage underwriters employed by Mortgage Solutions Credit Union in Arizona who were paid on a salary basis, at any point from the three years preceding the date of filing to the present.**

17. Throughout this Complaint, the FLSA Collective and Arizona Wage Class members are referred to jointly as the "Similarly Situated Workers."

18. **Mortgage Solutions of Colorado, LLC d/b/a Mortgage Solutions Financial ("Mortgage Solutions")** is a Colorado limited liability company.

19. Mortgage Solutions' headquarters and principal place of business are in Colorado.

20. Mortgage Solutions may be served by service upon its registered agent, **Corporation Service Company, 1900 W. Littleton Blvd., Littleton, CO 80120**, or by any other method allowed by law.

## Coverage Under the FLSA

21. At all relevant times, Mortgage Solutions was an employer of Younas within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

22. At all relevant times, Mortgage Solutions was and is an employer of the FLSA Collective members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

23. Mortgage Solutions was and is part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

24. During at least the last three years, Mortgage Solutions has had gross annual sales in excess of $500,000.

25. Mortgage Solutions was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

26. Mortgage Solutions employs many workers, including Younas, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell,

or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

27. The goods and materials handled, sold, or otherwise worked on by Younas and other Mortgage Solutions employees and that have been moved in interstate commerce include, but are not limited to, office supplies, office equipment, telecommunications equipment, and mortgage and other financial products.

## FACTS

28. Mortgage Solutions operates financial institutions throughout the United States.

29. Younas was a salaried employee of Mortgage Solutions.

30. Mortgage Solutions did not pay Younas on a fee basis.

31. Younas worked as a mortgage underwriter for Mortgage Solutions.

32. Younas normally worked more than 40 hours in a week.

33. Younas often worked 70 hours per week, or more.

34. Younas often worked seven days a week.

35. Younas reported the hours he worked to Mortgage Solutions on a regular basis.

36. Younas's hours are reflected in Mortgage Solutions' records.

37. Mortgage Solutions paid Younas a salary for all hours worked, without any overtime pay for hours in excess of 40 in a week.

38. Throughout his employment, Younas performed non-exempt job duties as an underwriter, aimed at producing a reliable loan.

39. Younas worked to produce mortgage products for Mortgage Solutions.

40. Younas did not advise Mortgage Solutions' customers.

- 5 -

41. Younas did not promote Mortgage Solutions' financial products.

42. Younas did not service Mortgage Solutions' financial products.

43. Younas implemented guidelines designed by Mortgage Solutions' corporate management.

44. Younas was subject to policies and procedures which dictated his day-to-day activities.

45. The work Younas performed was an essential and integral part of Mortgage Solutions' core business.

46. No advanced degree is required to become an underwriter.

47. Being an underwriter does not require specialized academic training as a standard prerequisite.

48. To the extent Younas made "decisions," such decisions did not require the exercise of independent discretion and judgment.

49. Instead, Younas applied well-established techniques and procedures and used established standards to evaluate any issues.

50. Younas did not set the techniques and procedures utilized to perform the job and did not set quality standards.

51. Mortgage Solutions' underwriters are not allowed to deviate from the techniques and procedures utilized to perform their job duties or from any quality standards.

52. With these job duties, Younas was clearly a non-exempt employee under the FLSA.

53. With these job duties, Younas is non-exempt under the FLSA no matter the amount of his salary.

54. Mortgage Solutions did not pay Younas overtime for hours worked in excess of 40 in a single workweek.

55. Instead, Mortgage Solutions paid Younas a salary only.

56. Mortgage Solutions keeps accurate records of the hours, or at least the days, its salaried employees work.

57. Mortgage Solutions also keeps accurate records of the amount of pay its salaried employees receive.

58. Because Younas and the Putative Class Members were misclassified by Mortgage Solutions as exempt employees, they should receive overtime for all hours that they worked in excess of 40 hours in each workweek.

59. Mortgage Solutions was aware of the overtime requirements of the FLSA.

60. Mortgage Solutions knew, since at least 2017, that its mortgage underwriters were not exempt employees under the FLSA.

61. Mortgage Solutions knew, since at least 2017, that its mortgage underwriters were required to be paid overtime under the FLSA.

62. Mortgage Solutions nonetheless failed to pay these underwriters, such as Younas, overtime.

63. Mortgage Solutions' failure to pay overtime to these underwriters was, and is, a willful violation of the FLSA.

64. Because of the FLSA's overtime requirements, employees misclassified as exempt from the FLSA, like Younas, reasonably expect to be compensated for the overtime they work at a rate at least 1.5x their regular hourly rate of pay.

65. Employees, like Younas, reasonably expect that their employers will comply with federal law regarding the payment of their wages.

66. Younas, in particular, expected that Mortgage Solutions would pay him in accordance with federal and state law.

67. Mortgage Solutions was aware of the wage payment requirements of Arizona law.

68. Mortgage Solutions nonetheless failed to pay certain employees, such as Younas, the wages they were owed under Arizona law.

### COLLECTIVE ACTION ALLEGATIONS

69. Numerous individuals were victimized by Mortgage Solutions' patterns, practices, and policies, which are in willful violation of the FLSA.

70. Based on his experiences and tenure with Mortgage Solutions, Younas is aware that Mortgage Solutions' illegal practices were imposed on the FLSA Collective.

71. The FLSA Collective members were all paid a salary without any overtime.

72. These employees are victims of Mortgage Solutions' unlawful compensation practices and are similarly situated to Younas in terms of job duties, pay provisions, and employment practices at issue.

73. The workers in the FLSA Collective were similarly situated within the meaning of the FLSA.

74. Any differences in job duties do not detract from the fact that these FLSA non-exempt workers were entitled to overtime pay.

75. Mortgage Solutions' failure to pay overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies, and practices, which are not dependent on the personal circumstances of the FLSA Collective members.

76. The FLSA Collective should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

77. The illegal practices Mortgage Solutions imposed on Younas were likewise imposed on the Arizona Wage Class members.

78. Numerous other individuals who worked for Mortgage Solutions were not properly compensated for all hours worked, as required by Arizona law.

79. The Arizona Wage Class is so numerous that joinder of all members of the class is impracticable.

80. Mortgage Solutions imposed uniform practices and policies on Younas and the Arizona Wage Class members regardless of any individualized factors.

81. Based on his experience and tenure with Mortgage Solutions, Younas is aware that Mortgage Solutions' illegal practices were imposed on the Arizona Wage Class members.

82. Arizona Wage Class members were all paid a salary without any overtime when they worked in excess of 40 hours per week.

83. Mortgage Solutions' failure to pay wages and overtime compensation in accordance with Arizona law results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Arizona Wage Class members.

84. Mortgage Solutions' failure to pay proper wages and overtime compensation results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Arizona Wage Class members.

85. Younas's experiences are therefore typical of the experiences of the Arizona Wage Class members.

86. Younas has no interest contrary to, or in conflict with, the members of the Arizona Wage Class. Like each member of the proposed class, Younas has an interest in obtaining the unpaid wages and other damages owed under the law.

87. A class action, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit.

88. Absent this action, many Arizona Wage Class members likely will not obtain redress of their injuries and Mortgage Solutions will reap the unjust benefits of violating Arizona law.

89. Furthermore, even if some of the Arizona Wage Class members could afford individual litigation against Mortgage Solutions, it would be unduly burdensome to the judicial system.

90. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

91. The questions of law and fact common to each of the Arizona Wage Class members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a.  Whether Younas and the Arizona Wage Class Members were paid all nondiscretionary compensation due to them in return for the work done for Mortgage Solutions;

    b.  Whether Mortgage Solutions' pay scheme, which failed to compensate Younas and the Arizona Wage Class members at least 1.5x their regular rate of pay for overtime hours worked, resulted in the nonpayment of wages due and owing to the to Younas and the Arizona Wage Class Members under the Arizona Wage Act;

    c.  Whether Mortgage Solutions knowingly benefitted at the expense of Younas and the Arizona Wage Class Members; and

    d.  Whether allowing Mortgage Solutions to retain the benefit it obtained at the expense of Younas and the Arizona Wage Class Members would be unjust.

92. Younas's claims are typical of the claims of the respective Arizona Wage Class members. Younas and the Arizona Wage Class members have all sustained damages arising out of Mortgage Solutions' illegal and uniform employment policies.

93. Younas knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

94. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or collective action treatment.

**FIRST CAUSE OF ACTION—VIOLATIONS OF THE FLSA
AS TO YOUNAS AND THE FLSA COLLECTIVE**

95. Younas incorporates the allegations set forth in paragraphs **Error! Reference source not found.** to 94.

96. By failing to pay Younas and the FLSA Collective members overtime at 1.5 times their regular rates when the payments were due, Mortgage Solutions violated the FLSA. 29 U.S.C. § 207(a).

97. Mortgage Solutions owes Younas and the FLSA Collective members overtime for all hours worked in excess of 40 in a workweek, at a rate of at least 1.5 times their regular rates of pay.

98. Mortgage Solutions knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay the FLSA Collective members overtime compensation.

99. Because Mortgage Solutions knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Mortgage Solutions owes these wages for at least the past three years.

100. Mortgage Solutions' failure to pay overtime compensation to these FLSA Collective members was neither reasonable, nor was the decision not to pay overtime made in good faith.

101. Because Mortgage Solutions' decision not to pay overtime was not made in good faith, Mortgage Solutions also owes Younas and the FLSA Collective members an amount equal to the unpaid overtime wages as liquidated damages.

102. Accordingly, Younas and the FLSA Collective members are entitled to their full overtime wages under the FLSA in an amount equal to 1.5x their regular rates of pay, plus liquidated damages, attorney's fees, and costs.

### SECOND CAUSE OF ACTION—VIOLATIONS OF THE ARIZONA WAGE ACT AS TO YOUNAS AND THE ARIZONA WAGE CLASS

103. Younas incorporates the allegations set forth in paragraphs **Error! Reference source not found.** to 94.

104. The conduct alleged in this Complaint violates the Arizona Wage Act, ARS 23-350 *et seq.*

105. Mortgage Solutions was and is an "employer" within the meaning of the Arizona Wage Act. ARS § 23-350(3).

106. At all relevant times, Mortgage Solutions employed Younas and each other Arizona Wage member as "employees" within the meaning of the Arizona Wage Act. ARS § 23-350(2).

107. Younas and the other Arizona Wage Class members were required by law to be paid nondiscretionary compensation for all labor and services provided to Mortgage Solutions. ARS § 23-350(7).

108. Younas and the other Arizona Wage Class members had a reasonable expectation Mortgage Solutions would pay them wages for all labor and services provided to Mortgage Solutions. ARS § 23-350(7).

109. Younas and the other Arizona Wage Class members had a reasonable expectation Mortgage Solutions would pay them wages as required by the FLSA.

110. Younas and the other Arizona Wage Class members had a reasonable expectation Mortgage Solutions would pay them wages as required by federal law.

111. Younas and the other Arizona Wage Class members had a reasonable expectation Mortgage Solutions would pay them wages as required by Arizona law.

112. Younas and the other Arizona Wage Class members had a reasonable expectation Mortgage Solutions would pay them at a rate at least 1.5 times their regular rate of pay for hours worked in excess of 40 in a workweek.

113. Within the applicable limitations period, Mortgage Solutions had a policy and practice of failing to pay proper overtime to the Arizona Wage Class members for their hours worked in excess of 40 hours per week.

114. The wages owed to Younas and each other Arizona Wage member were due to be paid not later than 16 days after the end of the of the most recent pay period. ARS § 23-351(C)(3).

115. The wages and overtime owed to Younas and each other Arizona Wage member who left the employment of Mortgage Solutions were due to be paid not later seven days after termination, or at the end of the next regular pay period. ARS § 23-353(A)-(B).

116. The Arizona Wage Act prohibits an employer from withholding or diverting any portion of an employee's wages unless they are required or empowered to do so by state or federal law, or the employee has authorized the withholding in writing. ARS § 23-352.

117. Mortgage Solutions was not required under Arizona or federal law to withhold the wages due to Younas and the Arizona Wage Class members.

118. Mortgage Solutions was not empowered under Arizona or federal law to withhold the wages due to Younas and the Arizona Wage Class members.

119. Neither Younas nor the Arizona Wage Class members authorized Mortgage Solutions to withhold the wages due to them.

120. Mortgage Solutions has not paid the wages to Younas and the other Arizona Wage Class Member.

121. As a result of Mortgage Solutions' failure to pay all nondiscretionary compensation to Younas and the Arizona Wage Class Members, Mortgage Solutions violated the Arizona Wage Act.

122. Younas and the Arizona Wage Class members are entitled to recover all unpaid wages, treble damages, attorney's fees, and costs. ARS § 23-355(A).

### THIRD CAUSE OF ACTION—UNJUST ENRICHMENT
### AS TO YOUNAS AND THE ARIZONA WAGE CLASS

123. Younas incorporates the allegations set forth in paragraphs **Error! Reference source not found.** to 94.

124. Mortgage Solutions' acts and omissions in failing to pay earned wages to Younas and the Arizona Wage Class members was done knowingly, willfully, or with reckless disregard of the rights of Younas and the Arizona Wage Class members.

125. As a result of its unlawful acts and omissions, Mortgage Solutions received substantial benefit in the form of financial compensation that rightfully belonged to Younas and the Arizona Wage Class members.

126. It would be unjust to allow Mortgage Solutions to retain these benefits, which were gained through unlawful means, including but not limited to, failing to pay Younas and the Arizona Wage Class members the wages they were entitled to under Arizona law.

127. Mortgage Solutions has been unjustly enriched by its unlawful acts and omissions.

128. Younas and the Arizona Wage Class members are entitled to recover for Mortgage Solutions' unjust enrichment, including restitution and penalties.

129. Younas and the Arizona Wage class are entitled to recover attorneys' fees and costs.

130. Younas and the Arizona Wage Class members are entitled to exemplary damages due to Mortgage Solutions' unjust enrichment.

131. A constructive trust should be imposed on Mortgage Solutions, and the Court should sequester any benefits or money wrongfully received by Mortgage Solutions at the expense of Younas and the Arizona Wage Class members.

**RELIEF SOUGHT**

Younas prays for judgment against Mortgage Solutions as follows:

a. For an order certifying a collective action for the FLSA claims;

b. For an order certifying a class action for the Arizona law claims;

c. For an order finding Mortgage Solutions liable for violations of federal wage laws with respect to Younas and all FLSA Collective members covered by this case;

d. For an order finding Mortgage Solutions liable for violations of Arizona wage laws with respect to Younas and all Arizona Wage Class members covered by this case;

e. For a judgment awarding all unpaid wages, liquidated damages, and penalties under federal wage laws to Younas and all FLSA Collective members covered by this case;

f. For a judgment awarding all unpaid wages, liquidated damages, and penalties to Younas and all Arizona Wage Class members covered by this case;

    g.    For an order finding Mortgage Solutions was unjustly enriched by its violations of Arizona law with respect to Younas and all Arizona Wage Class members covered by this case;

    h.    For an order imposing a constructive trust on Mortgage Solutions and sequestering the benefits and monies that it wrongfully obtained at the expense of Younas and the Arizona Wage Class members;

    i.    For an order for an accounting and awarding restitution, penalties, and exemplary damages to Younas and all Arizona Wage Class members covered by this case;

    j.    For a judgment awarding attorneys' fees to Younas and FLSA Collective and Arizona Wage Class members covered by this case;

    k.    For a judgment awarding costs of this action to Younas and all FLSA Collective and Arizona Wage Class members covered by this case;

    l.    For a judgment awarding pre- and post-judgment interest at the highest rates allowed by law to Younas and all FLSA Collective and Arizona Wage Class members covered by this case; and

    m.    For all such other and further relief as may be necessary and appropriate.

Date: October 7, 2022

    Respectfully submitted,

    */s/ Matthew S. Parmet*
By: _____
    **Matthew S. Parmet**
    CO Reg. # 53046
    **PARMET PC**

3 Riverway, Ste. 1910
Houston, TX 77056
phone  713 999 5228
matt@parmet.law

**Attorneys for Plaintiff**

## JURY DEMAND

Younas demands a trial by jury on all issues.

*/s/ Matthew S. Parmet*

_____

**Matthew S. Parmet**